

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2119
Re: Expenses chargeable against
motor fuel tax refund fee
appropriation for enforce-
ment of the Act.

We are in receipt of your letter of March 22,
1940, requesting the opinion of this department, which
letter reads in part as follows:

"Subsection (h) of Section 13 of the
Motor Fuel Tax Law enacted by the Regular
Session of the Forty-third Legislature,
amended by the Regular Sessions of the Forty-
fourth and Forty-sixth Legislatures, recites,
in part, as follows:

"'The Comptroller shall deduct
$1.00 from all such refunds as fil-
ing fee, which fee shall be deduct-
ed from the warrant issued in pay-
ment of such refund, which said
filing fee shall be set aside for
the use and benefit of the Comp-
troller in the administration and
enforcement of this Act, as well
as for the payment of expenses
in furnishing the forms of ex-
emption provided for herein, and
the same is hereby appropriated
for such purpose.'

"In the administration and enforcement
of the refund motor fuel laws the Comptroller
finds it necessary, in his discretion, to
vigorously prosecute certain suits, usually
in cooperation with the District Attorney.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

In one particular case, the Comptroller,
within his discretion, finds it necessary
to incur the expenses of a photographer
to take pictures of a certain scene,
which pictures are to be used in evi-
dence in the prosecution of the case.
The photographer himself will be used
as a witness. The Comptroller finds it
necessary also to pay the fees of a
physician to examine a certain defendant,
which physician will be used in the trial
of the case.

"Is the Comptroller authorized to
incur such expenses against this appro-
priation?

"Would there be any difference in
incurring this expense before or after
indictment?"

We ruled in opinion No. O-1256 that the above
quoted provision constitutes an appropriation to the Comp-
troller for the purposes therein authorized and is avail-
able for the biennium.

Acts 1933, p. 75, ch. 44 as amended 1935, 44th
Leg., p. 558, ch. 240 (Article 7065a, Vernon's Texas
Civil Statutes) imposes an occupation or excise tax upon
motor fuel, the tax to accrue upon the first sale in
Texas. Detailed provisions are made for reports, inspec-
tions, investigations and the collection of the tax, and
imposes the principal duties in connection with the col-
lection of the tax and the administration and enforcement
of the Act upon the Comptroller of Public Accounts. We
shall not enumerate these various provisions in detail.

Sections 13, 7 and 12 of the above enactments
were amended by Acts 1939, S. B. No. 179, p. 507, the
quotation in your letter being taken from amended Section
13. That section provides for refund of the motor fuel
tax paid by licensed distributors when the motor fuel
upon which the tax was paid is devoted to certain uses;
the provision being in the nature of an exemption. In
order to safeguard against abuses and to facilitate the
enforcement of the Act, distributors desiring to secure

the authorized refund must first secure a license from the Comptroller, file an oath, and furnish certain information. The Act makes it a misdemeanor to sell motor fuel upon which a refund may be authorized, or is claimed, without first having obtained a license. Detailed provision is made for making and keeping records, invoices, claims, etc., subject to the approval and inspection of the Comptroller and a license may be revoked for violation of the provisions of the Act. Various forms are to be prescribed and furnished by the Comptroller. Sections 13 (g) and (h) direct the payment of the taxes collected into the State Treasury and appropriate a specified amount for making refunds. The last mentioned subsection authorizes the deduction of the $1.00 filing fee which is appropriated to the use of the Comptroller "in the administration and enforcement" of the Act and in furnishing the form of invoice of exemption.

Section 15 of the Act of 1935 makes it a felony, to violate various provisions of the Act, or to refuse to permit inspection of products and premises, or to "wilfully forge or falsify any invoice of exemption" or "wilfully and knowingly make any false statement in any claim for refund made or filed as to any material fact required to be given." Venue, for prosecutions under this section is placed in Travis County or the county in which the violation occurs.

It is clear from a consideration of the motor fuel tax law as a whole that the primary duty of administering and enforcing the act is imposed upon the Comptroller. The Legislature has attempted to strengthen the refund provisions of the law, to insure adequate means and methods for the prevention and prosecution of unauthorized refunds, and to promote a more effective enforcement and prevent abuses. The nature of the duties imposed upon the Comptroller require a vigilant investigation and examination of the records, premises and commercial activities of those engaged in the production, sale and use of motor fuel, to determine whether violations have occurred, and to prevent violations of the refund provisions of the law as well as its other terms. An efficient enforcement of the motor fuel law would require the gathering and preservation of evidence in such form that it might be properly and effectively presented in the trial of cases or prosecutions arising under the Act. Evidently the Legislature contemplated that the Comptroller should vigorously prosecute such suits as

Honorable George H. Sheppard, Page 4

might be proper or necessary, and that he should cooperate with the district or prosecuting attorney and furnish such data or evidence as might be at his disposal to insure a successful prosecution of violations.

This department had before it a related question in a Conference Opinion, dated September 27, 1921, addressed to Honorable Lon A. Smith, Book 56, p. 6.

In that opinion the Legislature had made an appropriation to the Live Stock Sanitary Commission, "for the enforcement of all laws coming under the supervision of the Live Stock Sanitary Commission, and all expenses incident thereto." The Commission had employed an attorney to be paid out of this appropriation and the Comptroller had refused to issue a warrant for the claim. This department's ruling was in the following language:

"... We do not think the Legislature intended by making this appropriation that the Live Stock Sanitary Commission should employ or appoint a lawyer to travel over the State of Texas for the purpose of assisting county attorneys in the prosecution of those charged with violations of the Live Stock Sanitary Laws. The appropriation is not one necessarily for that purpose. This appropriation may be used for the purpose of conducting investigations, in connection with the prosecution of violations of the Live Stock Sanitary Laws and in the payment of various and necessary items of expense that may properly be incurred on the part of the Live Stock Sanitary Commission in preparing to institute prosecutions."

Necessarily each case or investigation will present its individual problems, and require different types of evidence to be obtained and preserved in such manner as the circumstances may warrant. We can readily understand, that in some cases, expenses of the nature mentioned in your letter may be almost essential to the proper preparation of cases and their prosecution in the enforcement of the refund provisions of the motor fuel laws.

The provision appropriating money for the enforcement of the Act, in our opinion, is not limited to an investigation designed to bring about the institution

Honorable George H. Sheppard, Page 5

of a prosecution. Suits or prosecutions may be instituted at a time when the preparation of the case is incomplete, or after the commencement of the action additional data may come to the attention of the Comptroller, or additional material may become necessary in the light of subsequent developments. To ascribe to the Legislature the intention that the appropriation in question should cease to be available once a prosecution is instituted, would, in many instances, practically defeat the purposes of the appropriation itself and foster an ineffectual enforcement.

It is our opinion that the Comptroller, in the enforcement of the motor fuel refund law, is authorized to incur expenses of the nature mentioned in the letter of request, when reasonably necessary in the enforcement of such law, including the preparation and prosecution of cases arising thereunder, and that such expenses are properly chargeable against the $1.00 refunding filing fee appropriation contained in Section 1, S. B. No. 179, Acts 1939, p. 507.

We are further of the opinion that such expenses may be properly incurred notwithstanding the institution of a suit or prosecution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_

Cecil C. Cammack
Assistant

COC:GO

APPROVED APR 27, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN